UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MANUEL CELAYA<br>12002 Rockledge Dr.<br>Bowie, MD 20715<br>　　　　Plaintiff, | )<br><br>)<br> |
| v. | )<br>) |
| EXPERIAN INFORMATION<br>SOLUTIONS, INC.<br>c/o The Corporation Trust, Inc.<br>300 E. Lombard St.<br>Baltimore, MD 21202<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) |

Civil Action No. _____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

JUL 22 2005

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

PJM 05CV2002

## COMPLAINT

Plaintiff, Manuel Celaya, by counsel John R. Garza, sues the Defendant, Experian Information Solutions, Inc., on the grounds and in the amount as set forth as follows:

I. **PARTIES AND JURISDICTION**

　　1　　The Plaintiff, Manuel Celaya, is an adult resident of Prince George's County, Maryland.

　　2.　　The Defendant, Experian Solutions, Inc. (hereinafter "Experian"), is a national credit reporting agency that is in good standing in the State of Maryland. Experian has a registered agent in Baltimore, Maryland.

　　3　　The jurisdiction of this Court over this matter is proper under 28 U.S.C § 1331 and 15 U.S.C § 1681(p).

## II. FACTUAL BACKGROUND

4. On or about January 6, 2004, Plaintiff Celaya made an online purchase of personal computer upgrades using his Chase/Circuit City Credit Card, issued by First North American Bank (hereinafter "FNANB"), in the amount of $104.99.

5. Upon information and belief, FNANB was purchased by Bank One Corporation, which was then purchased by or merged with Chase.

6. Plaintiff Celaya did not pick up the personal computer upgrades.

7. Upon information and belief, Circuit City's policy was to return items held for store pick up to inventory after the passage of 14 days.

8. Plaintiff Celaya's Circuit City Credit Card account was not immediately credited with the $104.99 purchase price when the items were returned to inventory.

9. FNANB erroneously considered the Plaintiff Celaya's account as delinquent and began collection activities. (Exhibit A).

10. Upon information and belief, FNANB reported to the Defendant that the Plaintiff Celaya's account was delinquent.

11. The Plaintiff filed a complaint with Office of the Comptroller of the Currency regarding FNANB's erroneous collection activities. In response to the Plaintiff's formal complaint, on June 30, 2004, FNANB and/or Bank One Corporation acknowledged that the Plaintiff's account was never delinquent. (Exhibit B).

12. Upon information and belief, on or about June 30, 2004, FNANB and/or Bank One Corporation informed the Defendant Experian that the Plaintiff Celaya's credit information regarding his FNANB Chase/Circuit City account was inaccurate and should be updated. (See Exhibit B)

13    Trans Union and Equifax corrected the Plaintiff's Celaya's credit information after being updated by FNANB and/or Bank One Corporation.

14.   A report generated by Experian and dated February  , 2005, contained the inaccurate credit information regarding the Plaintiff's Chase/Circuit City account for which updated information had been provided by FNANB and/or Bank One Corporation on or about June 20, 2004. (Exhibit C).

15.   On or about February 14, 2005, Plaintiff Celaya called Experian and requested that the incorrect credit information regarding his Chase/Circuit City account be reinvestigated and corrected.

16.   On or about February 21, 2005, Plaintiff Celaya wrote Experian and requested that the incorrect credit information regarding his Chase/Circuit City account be reinvestigated and corrected. (See Exhibit D).

17.   A report generated by Experian and dated March 3, 2005, still contained the inaccurate credit information regarding the Plaintiff's Chase/Circuit City account that the Plaintiff had disputed and for which he had requested a reinvestigation. (Exhibit E).

18    On or about April 3, 2005, Plaintiff Celaya's submitted to Experian another written request that the inaccurate credit information regarding his Chase/Circuit City account be reinvestigated and corrected. (See Exhibit F).

19    A report generated by Experian and dated April 19, 2005, still contained the inaccurate credit information regarding the Plaintiff's Chase/Circuit City account that the Plaintiff had disputed and demanded be reinvestigated on at least three prior occasions. (See Exhibit G).

20.    A report generated by Experian and dated April 25, 2005, contained the same inaccurate credit information that should have been deleted after a proper reinvestigation. (Exhibit H)

21    The Plaintiff was forced to file a compliant with the State of Maryland's Department of Labor, Licensing and Regulation (hereinafter "DLLR"). On June 23, 2005, Experian employee, Beth Blanock, informed the DLLR that the Plaintiff's claims had been investigated and the account was verified as accurate. Ms. Blanock's letter also stated that further concerns should be directed to Chase. (See Exhibit H). The Plaintiff contacted Chase as suggested by Ms. Blanock. Chase, as they have done since June 30, 2004, confirmed for the Plaintiff that Experian's information concerning the Plaintiff's Chase account is inaccurate.

22    As of June 23, 2005, the Defendant had not corrected or modified the Plaintiff's credit report, despite the Plaintiff's repeated requests for a reinvestigation and despite the fact that the Plaintiff has personally provided the Defendant with a telephone number at Chase where the Plaintiff's complaints can be validated. (Exhibit I).

23    Plaintiff has been unable to exercise his right to participate in commerce due to the Defendant's failure to correct his credit report.

24    Plaintiff has spent time during normal working hours attempting to correct his credit report, thereby resulting in lost earning potential.

**III.    COUNT I:    WILLFULL NONCOMPLIANCE - 15 U.S.C § 1681(n)**

25    All previous paragraphs are incorporated as if independently pled herein

26    The Defendant was notified of the inaccurate information and the need for a reinvestigation pursuant to 15 U.S.C. § 1681(i)(a)(1)

4

The Defendant did not comply with the reinvestigation procedures established in 15 U.S.C § 1681(i)

28  The Defendant's noncompliance was willful and malicious.

WHEREFORE, Plaintiff demands judgment against Defendant for damages in the amount of $1,000.00, punitive damages as the court may allow, costs and reasonable attorney fees.

### IV.  COUNT II:  NEGLIGENT NONCOMPLIANCE – 15 U.S.C § 1681(o)<br>(PLED IN THE ALTERNATIVE)

29.  All previous paragraphs are incorporated as if independently pled herein

The Defendant was notified of the inaccurate information and the need for a reinvestigation pursuant to 15 U.S.C. § 1681(i)(a)(1).

31  The Defendant was negligent in its failure to comply with the reinvestigation procedures established in 15 U.S.C. § 1681(i).

32.  The Defendant's negligence caused actual damages to the Plaintiff in the form of lost earning potential.

WHEREFORE, Plaintiff demands judgment against Defendant for damages in the amount of $1,000.00, costs and reasonable attorney fees.

## V.    DEMAND FOR TRIAL BY JURY

32.    Plaintiff hereby demands trial by jury on both counts

Respectfully submitted,

GARZA, REGAN & ASSOCIATES, P.A.

_____
John R. Garza, Bar No. 0192
17 W. Jefferson Street
Rockville, Maryland 20850
(301) 340-8200
(301) 294-6159 (facsimile)

6